10 F.3d 809
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerome WRINGER, Personal Representative of the Estate of
Raymond Russell Wringer, deceased; Jerome W. Wringer,
individually as a surviving parent; Linda L. Howard, as a
surviving parent, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-15984.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1993.*
Decided Nov. 12, 1993.
 
 Before: TANG, TROTT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The facts of this case demonstrate without doubt and as a matter of law that Raymond Russell Wringer was a "recreational user" of the Prescott National Forest when he died. See Ariz.Rev.Sat.Ann. Sec. 33-1551(B)(2) (1990); State v. Wise, 671 P.2d 909, 911 n. 3 (Ariz.1983). The controlling recreational use statute bars recovery when the government's alleged "failure to guard or warn against a dangerous condition use, or activity" was not "wilful or malicious." Ariz.Rev.Stat.Ann. Sec. 1551(C). Wilful conduct is " 'intentional, wrongful conduct, done either with knowledge that serious injury to another probably will result or with a wanton and reckless disregard of the possible results.' " Miller v. United States, 945 F.2d 1464, 1467 (9th Cir.1991). We have examined the record with care and concluded that no reasonable jury could conclude the failure to warn was wilful or malicious. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, summary judgment was proper. The district court's assessment was correct.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3